IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FRED WILSON, MARSHA WILSON and )<br>STATE OF OKLAHOMA, *ex. rel.*, )<br>DEPARTMENT OF HUMAN SERVICES, )<br>)<br>Defendants. ) | Case No.  CIV-11-842-D |

**O R D E R**

By Order of July 6, 2012, the Court raised the issue of federal subject matter jurisdiction over the Amended Complaint.[1] The Court noted that Plaintiff seeks declaratory relief under 28 U.S.C. § 2201 based on the diversity of citizenship between the parties and, by implication, seeks an exercise of federal jurisdiction under 28 U.S.C. § 1332. Because the allegations of the Amended Complaint fail to satisfy § 1332, the Court directed Plaintiff to show cause why the action should not be dismissed for lack of jurisdiction.

Plaintiff has responded to the show cause order by first invoking the "time of filing rule," which holds that subject matter jurisdiction is assessed when the action is filed, and cannot be divested by subsequent events. This rule states a well-established principle regarding diversity jurisdiction, as indicated by the cases cited by Plaintiff. *See*, *e.g.*, *Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 570-71 (2004) (time-of-filing rule applies to "all challenges to subject-matter

---

[1] This Court must assure itself "of federal subject matter jurisdiction even where, as here, both sides wish [a federal court] to hear their dispute and [an] inability to do so would, regrettably, add delay and expense to the resolution of an already aged and costly lawsuit" because "[f]ederal courts do not wield plenary jurisdiction." *In re C & M Properties, L.L.C.*, 563 F.3d 1156, 1161 (10th Cir. 2009).

jurisdiction premised upon diversity of citizenship"). However, this case was not commenced as a diversity case, but as a statutory interpleader action under 28 U.S.C. § 1335. *See* Compl. [Doc. No. 1], ¶ 6. Plaintiff deposited into the court registry an amount of insurance proceeds that were allegedly due under a business insurance policy, and requested a determination of how the funds should be distributed among the competing claimants. However, Plaintiff subsequently abandoned its interpleader action through voluntary amendment of its pleading and withdrawal of the interpleader funds.[2] Thus, Plaintiff can no longer rely on interpleader jurisdiction to maintain its action; an independent basis of subject matter jurisdiction must exist. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007) ("when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction").

The Amended Complaint seeks a declaratory judgment regarding insurance coverage for certain loss claims and, if coverage exists, the amount of money to be paid.[3] Plaintiff concedes that subject matter jurisdiction for this action would depend on the existence of diversity jurisdiction under 28 U.S.C. § 1332, and that the assertion of a claim against the State of Oklahoma – which is not a citizen of a state within the meaning of § 1332 – precludes a finding of complete diversity. *See* Pl.'s Resp. Br. [Doc. No. 61] at 1 ("this Court is correct in [its] assertion that Defendant State of Oklahoma, ex rel. Department of Human Services cannot be sued based on diversity jurisdiction"). Plaintiff argues that it may proceed under diversity jurisdiction, however, based on the "nominal

---

[2] In a statutory interpleader action, jurisdiction is dependent on the deposit of the entire sum in controversy with the court. *See Miller & Miller Auctioneers, Inc. v. G.W. Murphy Indus., Inc.*, 472 F.2d 893, 895 (10th Cir. 1973).

[3] Although Plaintiff has previously determined the amounts of compensable loss, which are far less than $75,000, Plaintiff contends the jurisdictional amount is satisfied because Defendant Fred Wilson claims entitlement to a greater sum, in part based on Plaintiff's alleged breach of an insurer's duty of good faith and fair dealing toward its insured.

2

party" doctrine, which allows a party to be disregarded for jurisdictional purposes. Plaintiff contends that the State of Oklahoma should be treated as a nominal party because its right to recover any insurance proceeds otherwise payable to the insured, Defendant Fred Wilson, is based on a lien for unpaid child support obligations and is "therefore wholly derivative of [Mr. Wilson's] rights to recover" money from Plaintiff. *See id.* at 3. Plaintiff argues that, because the State is not a necessary party to the action, it should be disregarded when determining whether complete diversity exists.

Plaintiff relies for its "nominal party" argument on "decisions employing 'real party to the controversy' terminology in describing or explaining who counts and who can be discounted for diversity purposes." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005). For example, in *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 464-65 (1980), the Supreme Court determined that the "real parties" for jurisdictional purposes were the trustees of an express trust and that the citizenship of the beneficiaries was immaterial because they had no control of trust assets or the litigation. Other cases in which a party has been disregarded as a nominal party are instances where the party "was named to satisfy state pleading rules, *e.g.*, *McNutt ex rel. Leggett, Smith, & Lawrence v. Bland*, 2 How. 9, 14, 11 L. Ed. 159 (1844), or was joined only as designated performer of a ministerial act, *e.g.*, *Walden v. Skinner*, 101 U.S. 577, 589, 25 L. Ed. 963 (1880), or otherwise had no control of, impact on, or stake in the controversy, *e.g.*, *Wood v. Davis*, 18 How. 467, 469-470, 15 L. Ed. 460 (1856)." *See Lincoln*, 546 U.S. at 92. Plaintiff does not assert that this case presents a similar situation. In *Navarro*, the Supreme Court noted "a 'rough symmetry' between the 'real party in interest' standard of Rule 17(a) and the rule that diversity jurisdiction depends upon the citizenship of real parties to the controversy." *Id*. at 462 n.9. Plaintiff does not assert that this case implicates any of the relationships addressed in Rule 17(a), which concerns persons who may sue in their own

3

names without joining the person for whose benefit the action is brought, such as an executor, administrator, guardian, bailee, and party authorized by statute. *See* Fed. R. Civ. P. 17(a)(1).

Plaintiff's argument is that the State of Oklahoma is not necessary to the declaratory judgment action asserted in the Amended Complaint because it was not a party to the insurance contract and its right to recover any money is wholly dependent on Mr. Wilson's recovery and its assertion of a child support lien. According to Plaintiff, "[t]his case can technically proceed without [Marsha Wilson and the State of Oklahoma] as their liens exist independent of the suit and can be asserted at any time . . . . As such, they do not qualify as required parties under Rule 19, and for purposes of this case, their presence can be ignored." *See* Pl.'s Resp. Br. [Doc. No. 61] at 3. Plaintiff provides no legal authority for this argument, which is inconsistent with Supreme Court precedent holding that "Rule 19, captioned 'Joinder of Persons Needed for Just Adjudication,' . . . address[es] party joinder, not federal-court subject-matter jurisdiction." *See Lincoln*, 546 U.S. at 613.[4] The Court finds that Plaintiff, who bears the burden to establish subject matter jurisdiction, has failed to provide a sufficient reason to disregard the State of Oklahoma as a party to this action.

Finally, in the alternative to its nominal-party argument, Plaintiff asks permission to "remove" Ms. Wilson and the State of Oklahoma as parties – presumably by further amendment of its pleading – or "requests that they be dismissed from this suit, as the real parties in interest to this case are State Farm and [Mr.] Wilson." *See* Pl.'s Resp. Br. [Doc. No. 61] at 3. Plaintiff relies on the principle that a dispensable, nondiverse party may be dropped at any time, pursuant to Fed. R. Civ. P. 21. *Id*. (citing *Grupo Dataflux*, 541 U.S. at 572-73). Upon consideration of this argument, the Court finds it inappropriate to take the requested action on its own motion, as proposed by

---

[4] The Court in *Lincoln* held that a lower court erred by finding a lack of subject matter jurisdiction based on "the existence of a potential codefendant whose presence in the action would destroy diversity." *Id.* at 614. In contrast here, Plaintiff is asking the Court to ignore the existence of a named defendant.

Plaintiff, for two reasons. First, Rule 21 would permit the Court to dismiss a nondiverse defendant as a means of preserving diversity jurisdiction; only the State of Oklahoma is a nondiverse defendant subject to dismissal under this rule. Second, a plaintiff requesting a Rule 21 dismissal of nondiverse defendants must demonstrate two "prerequisites for such discretionary relief, i.e., that these defendants are dispensable and that their dismissal at this stage would not prejudice any of the parties involved." *United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1496 (10th Cir. 1995). Plaintiff addresses in its brief only the first prerequisite to dismissal. The Court also declines to grant Plaintiff's request to file a second amended complaint, which is made only in argument presented in response to the Court's show cause order. In fairness to other parties who may wish to be heard on this issue, the Court finds that such a request should be made in the appropriate manner, by a motion under Fed. R. Civ. P. 15(a) and LCvR7.1(l).

For these reasons, the Court finds that it lacks subject matter jurisdiction of this action. Prior to ordering a dismissal, however, the Court will give Plaintiff an opportunity to file an appropriate motion to cure the jurisdictional deficiency, if Plaintiff intends to proceed with its declaratory judgment action.

IT IS THEREFORE ORDERED that Plaintiff shall file a motion requesting either to amend its pleading or to dismiss the State of Oklahoma pursuant to Rule 21 within 14 days of the date of this Order. If no timely motion is filed, this action will be dismissed without prejudice, for lack of subject matter jurisdiction.

IT IS SO ORDERED this 8th day of November, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE